UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FARRELL,                                          Case No. 11-12368

        Plaintiff,                                      District Judge Steven J. Murphy

v.                                                              Magistrate Judge R. Steven Whalen

HARVEY ELAM FAIR VALUE
APPRAISAL SERVICES, *et. al.*

        Defendants.
                                            /

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Wells Fargo Home Mortgage, Inc.'s *Motion to Dismiss and/or for Summary Judgment* [Dock. #8], filed June 22, 2011 which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the motion be GRANTED, dismissing all claims against this Defendant WITH PREJUDICE.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed an 82-page complaint in this Court on May 31, 2011, alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*("RESPA"), the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"), the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"), the Fair Credit Reporting

Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and a number of state law claims pertaining to the December 7, 2010 foreclosure of his residential property. He requests monetary damages and for quiet title to the property in question.

Plaintiff does not dispute that on April 23, 2004, he received a $363,350 residential mortgage loan from present Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo") for the property located at 52 Tweed Lane, Lake Orion, Michigan. As part of the same transaction, Plaintiff issued a mortgage to Defendant, encumbering the same property as security repayment of the loan. *Defendant's Exhibit 1.* The mortgage was recorded on May 12, 2004. The loan and mortgage were assigned to Defendant US Bank National Association as Grantor Trustee for the holders of Bear Stears ARM Trust, Grantor Trust Certificates, Series 2005-2, which was recorded on May 28, 2010. *Defendant's Exhibit 2.*

Plaintiff, admitting that he has failed to pay 16 mortgage payments, states that he received a notice of acceleration from Defendant Trott & Trott, P.C. on May 20, 2010. *Complaint* at 8. He states further that on August 20, 2010, he received notice of a foreclosure by advertisement. *Id.* at 9. On December 7, 2010, Wells Fargo purchased the property for $347,117.55. *Id.* at 10; *Defendant's Exhibit 3.* Plaintiff's right to redeem the property expired on June 7, 2011. *Id.*

Plaintiff alleges that pursuant to RESPA, a Qualified Written Request ("QWR"), apparently for closing documents or an explanation of fees, was ignored by Defendants. *Complaint* at 10. He alleges that prior to the mortgage closing, the appraiser, Defendant Harvey Elam Fair Value Appraisal Services ("Harvey Elam") and Wells Fargo had a "secret

-2-

agreement to mark up the actual cost of the appraisal, thereby breaching their fiduciary duty" to Plaintiff. *Id.* at 12. Plaintiff alleges further that at the April, 2004 mortgage closing, Defendant Cislo Title failed to give him "notice of acts of fraudulent concealment" by the appraiser and Wells Fargo. *Id.* at 13. Plaintiff alleges that Defendant Vicki Jones, Well Fargo's "agent," was present. *Id.* He alleges that he "was not allowed sufficient time to read all documents thoroughly, but rather, "rushed to completion and pressured to sign documents without reading them." *Id.* He alleges that at the closing, Wells Fargo failed to make full disclosures regarding the terms of the loan and charged "false fees." *Id.* He states that Vicki Jones, "remained silent as to the full truth," breaching her "duty to speak." He makes overlapping allegations that Wells Fargo acted in violation of RESPA, TILA, HOEPA, and FCRA. *Id.* at 16-18, 21. He also makes claims of fraudulent concealment, negligence, breach of the implied covenant of good faith and fair dealing, and the intentional infliction of emotional distress. *Id.* at 18-24.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether,

as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

More recently, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 127 S.Ct. at 555 (internal citations and punctuation omitted); *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

## III.  ANALYSIS[1]

### A.  Allegations Pertaining to the April 23, 2004 Mortgage Closing are Time Barred.

Allegations pertaining to Wells Fargo pertain almost exclusively to the April, 2004 mortgage closing. Even assuming that Plaintiff's TILA claims as to events surrounding the mortgage closing had some merit, they are wholly barred by the statute of limitations. The mortgage was executed on April 23, 2004. Plaintiff filed suit on May 31, 2011. The one-year statute of limitations on claims for damages under the Act has long since passed. 15 U.S.C. § 1640(e). Plaintiff's claims under HOEPA are subject to the same statute of limitations. *Id.* RESPA's three-year statute of limitations bars Plaintiff's allegations of impropriety by Wells Fargo occurring in April, 2004. 12 U.S.C. § 2614. Claims under the FCRA, at a minimum, are barred by a five-year statute of limitations. 15 U.S.C. § 1681p.

Likewise, claims of fraudulent misrepresentation by Wells Fargo pertaining to events surrounding the April, 2004 mortgage are subject to Michigan's six-year statute of limitations. *Boyle v. General Motors Corp.,* 468 Mich. 226, 230, 661 N.W.2d 557 (2003); M.C.L. § 600.5813. The statute of limitations for negligence and the intentional infliction

---

[1] Because Plaintiff's claims against Wells Fargo are wholly dismissible on other grounds, the Court need not address this Defendant's argument that Plaintiff lacks standing to file suit.

of emotional distress is three years. M.C.L. §5805(10).

Plaintiff alleges that his Qualified Written Request ("QWR") did not receive a response. *Complaint* at 10. Under RESPA, a loan servicer has 20 days (excluding holidays and weekends) to acknowledge a QWR and 60 days (excluding holidays and weekends) to provide the borrower with a "written explanation or clarification" of the requested information and the name and contact information of an individual or department able to provide additional assistance. 12 U.S.C. § 2605(e)(2)(A), (B)(ii).[2] However, the fact that the Complaint does not state to whom the request was directed or on what date the request was made defeats this claim.

### B. Additional Grounds for Dismissal

In addition, I agree with Defendant's position that the breach of fiduciary claim against Wells Fargo is unavailing. *Defendant's Brief* at 6-7. Defendant states correctly that "a fiduciary relationship does not exist in the borrower-lender context." *Id.* at 7 (citing *Farm Credit Services of Michigan's Hearland, PCA v. Weldon,* 232 Mich. App. 662, 680-81; 591 N.W. 2d 438 (1998)("fiduciary relationship . . . generally does not arise within the lender-

---

[2]

"The Mortgage Reform and Anti-Predatory Lending Act modifies the time limit of this section by "striking 20 days and inserting 5 days." *Solan v. Everhome Mortg. Co.,* 2011 WL 456013, *2, fn 2 (S.D.Cal.2011)(citing Pub.L. No. 111-203, § 1463, 124 Stat 1376 (July 21, 2010)). However, there is some question as to the effective date of this provision. *Id.* at fn. 1.

borrower context"). Plaintiff does not allege how his April, 2004 mortgage closing was more than a typical arm's length mortgage loan transaction.

Defendant points out further that allegations pertaining to Wells Fargo's position in the course of foreclosure proceedings does not state a claim of fraudulent misrepresentation. *Defendant's Brief* at 8-9. A claim of fraud must allege the following: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). Notwithstanding that Plaintiff now challenges Wells Fargo's interest in the property, Defendant's involvement in giving notice of future foreclosure proceedings and its own interest in the property was based on the express terms of the 2004 loan agreement. *Defendant's Exhibit 1.* As such, claims of fraud pertaining to the foreclosure sale are also subject to dismissal.

In addition to the fact that the negligence claims pertaining to the mortgage closing are time barred, Defendant correctly notes that a tort action cannot lie if the parties' duties were bound by the terms of an express mortgage contract. *Defendant's Brief* at 10 (citing *Garden City Osteopathic Hosp. v. HBE Corp.,* 55 F.3d 1126, 1134 (6th Cir. 1995)). In light of the written mortgage agreement, Plaintiff's claim of unjust enrichment also fails. "[A]n unjust enrichment claim cannot be maintained where there is an express contract that covers

the same matter." *Heaton v. Bank of America Corp.*, 2011 WL 3112325, *5 (E.D.Mich.2011)(Cohn, J.)(citing *Kammer Asphalt Paving v. East China Township Schools*, 443 Mich. 176, 504 N.W.2d 635 (1993). "[A]n action for unjust enrichment seeks to an imply a contract, which is not necessary or proper is an express contract covering the same matter exists." *Id.* Finally, despite Plaintiff's claim, "Michigan law simply 'does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing.'" *Meyer v. Citimortgage, Inc.,* 2012 WL 511995, *6 (E.D.Mich. 2012)(Cohn, J.)(citing *Fodale v. Waste Management of Michigan, Inc.,* 271 Mich.App. 11, 35, 718 N.W.2d 827 2006). As such that claim is also subject to dismissal.

## IV. CONCLUSION

For these reasons, I recommend that the Defendants' motion to dismiss [Dock. #8] be GRANTED, dismissing all claims against this Defendant WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich.

LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Date: February 29, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 29, 2012.

s/Johnetta M. Curry-Williams<br>
Case Manager