UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FARRELL,                        Case No. 11-12368

      Plaintiff,                        District Judge Steven J. Murphy

v.                                   Magistrate Judge R. Steven Whalen

HARVEY ELAM FAIR VALUE
APPRAISAL SERVICES, *et. al.*

      Defendants.
_____/

### REPORT AND RECOMMENDATION

Before the Court is Defendants Melanie Deeds and Trott & Trott, P.C.'s *Motion to Dismiss or for Summary Judgment* [Dock. #19], filed August 15, 2011 which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that the motion be GRANTED, dismissing all claims against these Defendants WITH PREJUDICE.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed an 82-page complaint in this Court on May 31, 2011, alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*.("RESPA"), the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA"), the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and a number of state law claims pertaining to the December 7, 2010 foreclosure of his residential property. He requests monetary damages and for quiet title of the property in question.

Plaintiff does not dispute that on April 23, 2004, he received a $363,350 residential mortgage loan from present Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo") for the property located at 52 Tweed Lane, Lake Orion, Michigan. As part of the same transaction, Plaintiff issued a mortgage to Defendant, encumbering the same property as security repayment of the loan. *Defendants', Exhibit A.* The mortgage was recorded on May 12, 2004. The loan and mortgage were assigned to Defendant US Bank National Association as Grantor Trustee for the holders of Bear Stears ARM Trust, Grantor Trust Certificates, Series 2005-2, which was recorded on May 28, 2010. *Id., Exhibit B.*

Plaintiff, admitting that he has failed to pay 16 mortgage payments, states that he received a notice of acceleration from Defendant Trott & Trott, P.C. ("Trott") on May 20, 2010. *Complaint* at 8. He states further that on August 20, 2010, he received notice of a foreclosure by advertisement. *Id.* at 9. On December 7, 2010, Wells Fargo purchased the property for $347,117.55. *Id.* at 10; *Defendants' Exhibit C.* Plaintiff's right to redeem the property expired on June 7, 2011. *Id.*

Plaintiff alleges that pursuant to RESPA, a Qualified Written Request ("QWR"), apparently for closing documents or an explanation of fees, was ignored by Defendants. *Complaint* at 10. He alleges that prior to the mortgage closing, the appraiser, Defendant Harvey Elam Fair Value Appraisal Services ("Harvey Elam") and Wells Fargo had a "secret agreement to mark up the actual cost of the appraisal, thereby breaching their fiduciary duty" to Plaintiff. *Id.* at 12. Plaintiff alleges further that at the April, 2004 mortgage closing, Defendant Cislo Title, failed to give him "notice of acts of fraudulent concealment" by the appraiser and Wells Fargo. *Id.* at 13. He alleges that he "was not allowed sufficient time to read all documents thoroughly, but rather, "rushed to completion and pressured to sign documents without reading them." *Id.* He alleges that at the closing, Wells Fargo failed to

make full disclosures regarding the terms of the loan and charged "false fees." *Id.* He states that Vicki Jones, "remained silent as to the full truth," breaching her "duty to speak." He makes overlapping allegations that Defendant Wells Fargo acted in violation of RESPA, TILA, HOEPA, and FCRA. *Id.* at 16-18, 21. He also makes claims of fraudulent concealment, negligence, breach of the implied covenant of good faith and fair dealing, and the intentional infliction of emotional distress. *Id.* at 18-24.

Plaintiff's allegations appear to be taken from a form document, making his claims against present Defendants particularly difficult to cipher. *Id.* at 9. Plaintiff seems to state that Defendant Trott and Melody Deeds, an employee of Trott, colluded with Wells Fargo and other Defendants to fraudulently deprive Plaintiff of his property. *Complaint* at 8-9. Plaintiff claims, in effect, that Trott and Melody Deeds commit fraud by representing that Wells Fargo and/or its assignee(s) had a legitimate interest in the property during the course of the foreclosure proceedings. *Id.* Plaintiff argues neither Trott nor Melody Deed had standing to conduct foreclosure proceedings, alleging fraudulent concealment by these Defendants.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

More recently, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 127 S.Ct. at 555 (internal citations and punctuation omitted); *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III. ANALYSIS

**Plaintiff Lacks Standing to Pursue the Present Claims**

I agree with Defendant's contention that Plaintiff does not have standing to pursue the

4

present claims. His rights in the disputed property "were extinguished when the statutory redemption period expired." *Ennis v. Wells Fargo Home Mortg., Inc.,* 2012 WL 205847, *2 (E.D.Mich. 2012)(Rosen, J.)(citing *Overton v. Mortg. Elec. Registration Sys.,* No. 284950, 2009 WL 1507342, at *1 (Mich.Ct.App. May 28, 2009)); M.C.L. § 600.3240.

To be sure, "the Court retains the power to rescind the foreclosure sale—even after the expiration of the redemption period—if the sale itself was invalid based on a clear showing of fraud or irregularity." *Ennis,* at *2. However, Plaintiff's assertion that present Defendants fraudulently represented that to him Wells Fargo and/or its assignee(s) held a valid interest in the property fails to state a claim of fraudulent misrepresentation or fraudulent concealment.

A claim of fraud must allege the following: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976).

Present Defendants' representations (by way of foreclosure notices) that Wells Fargo or its assignee(s) had a legitimate interest in the property reflected the terms of the mortgage agreement. *Defendants' Exhibit A.* At the commencement of foreclosure proceedings Plaintiff had not yet raised a challenge to the legitimacy of the April, 2004 loan. Moreover, and the statute of limitations on such claims had already expired. He does not show how these Defendants knew that they were misrepresenting an interest in the property. As such, he cannot show that they made a knowingly false representation when pursuing foreclosure proceedings.

5

For identical reasons, allegations of fraudulent concealment are dismissible. Fraudulent concealment or "silent fraud" is defined as "the suppression of a material fact, which a party in good faith is duty-bound to disclose, is equivalent to a false representation and will support an action in fraud." *M&D, Inc. v. W.B. McConkey,* 231 Mich.App. 22, 28-29, 585 N.W.2d 33, 37 (1998). Again, Plaintiff offers no factual support for the allegation that present Defendants knew they were misrepresenting the mortgagee's interest in the property.

Finally, although Plaintiff claims federal jurisdiction under FDCPA, he does not allege that present Defendants were "debt collectors" or how they violated the Act. Further, to the extent that the Complaint's allegations of unjust enrichment could be construed to be directed at these Defendants, the claim fails on the basis that "an unjust enrichment claim cannot be maintained where there is an express contract that covers the same matter." *Heaton v. Bank of America Corp.*, 2011 WL 3112325, *5 (E.D.Mich.2011)(Cohn, J.)(citing *Kammer Asphalt Paving v. East China Township Schools*, 443 Mich. 176, 504 N.W.2d 635 (1993). Because the foreclosure relied on the rights conferred by a written mortgage agreement, this remedy is not available.

## IV.  CONCLUSION

For these reasons,  I recommend that the Defendants' motion to dismiss [Dock. #19] be GRANTED, dismissing all claims these Defendants WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/ R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Date: February 29, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 29, 2012.

                                                s/Johnetta M. Curry-Williams
                                                Case Manager